Nicanor A. BRIONES, Plaintiff–Appellant,

v.

Marvin T. RUNYON, Jr., Defendant–Appellee.

No. 492, Docket 96–6033.

United States Court of Appeals, Second Circuit.

Submitted Oct. 10, 1996.

Decided Dec. 2, 1996.

Nicanor A. Briones, Live Oak, FL, pro se.

Christopher F. Droney, United States Attorney, District of Connecticut, Althea E. Seaborn, Assistant United States Attorney, Bridgeport, CT, for Appellee.

Before OAKES, CARDAMONE, and MAHONEY,* Circuit Judges.

OAKES, Senior Circuit Judge:

Appellant Nicanor A. Briones, *pro se*, appeals from the final order entered November 15, 1995, in the United States District Court for the District of Connecticut, Alan H. Nevas, *Judge*, granting summary judgment for the defendant and dismissing plaintiff's employment discrimination complaint. Briones asserts that the district court improperly dismissed his complaint as untimely, and that

because genuine issues of material fact still remain, summary judgment is inappropriate. We agree, and therefore reverse and remand.

## I

### Facts

Nicanor Briones, a former employee of the United States Postal Service, filed a complaint in district court seeking reinstatement and money damages pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1988 & Supp. V 1993) ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1988 & Supp. V 1993) ("ADEA"). Briones, who is of Filipino descent and who was 47 years of age at the time his employment was terminated, alleges that he was subjected to a hostile work environment and terminated from employment on the basis of his race, national origin, and age.

In March of 1987, Briones began his employment with the Postal Service. He was subsequently assigned to the New London, Connecticut, Post Office as a part-time flexible clerk ("PTF") in June of 1988. On July 19, 1990, Briones and a coworker, Juan Agbayani, were involved in an altercation on the workroom floor of the post office. That same day, the Postal Service placed Briones on off-duty status, without pay, pending its investigation of the incident. On August 3, the Postal Service returned Briones to pay status but continued his administrative leave. On August 6, the Postal Service issued a Notice of Removal to both Briones and Agbayani for the July 19 incident.

Briones challenged his dismissal but was denied relief by a grievance arbitrator who, on May 24, 1991, found just cause for the dismissal. On June 11, 1991, Briones contacted the Equal Employment Opportunity ("EEO") office to request counseling regarding his removal from the Postal Service. On August 17, Briones filed a formal complaint claiming race, religion, and age discrimination, and indicating the July 19, 1990,

* The Honorable J. Daniel Mahoney, who was a member of the panel, died on October 23, 1996, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

incident as the most recent act of discrimination. On November 4, 1991, the Postal Service began its investigation of Briones's complaint. On December 11, 1991, the Postal Service issued its final agency decision, dismissing Briones's EEO complaint as untimely based on his failure to request EEO counseling within thirty days of the alleged discriminatory incident.

Briones appealed this decision to the Office of Federal Operations of the Equal Employment Opportunity Commission ("EEOC"), which vacated and remanded it on March 9, 1992. Specifically, the EEOC found that Briones had submitted adequate justification for extension of the 30–day time limit because the Postal Service had failed to show that it had informed him of EEO procedures. On remand, the Postal Service issued another final agency decision on May 26, 1992, finding no discrimination; the EEOC affirmed on October 18, 1993. On March 31, 1994, the EEOC denied Briones's request for reconsideration, and notified him of his right to file a civil action.

Briones filed his complaint in district court on June 16, 1994. On February 21, 1995, he filed a motion for summary judgment, which merely elaborated upon the allegations of his complaint and included no affidavits or exhibits. On July 25, the Postal Service filed its motion to dismiss or, in the alternative, for summary judgment, which was supported by both affidavits and exhibits. The Postal Service raised the same argument that it had raised in its original final agency decision of December 11, 1991: that Briones had failed to contact an EEO counselor within thirty days of the alleged discriminatory incident. The Postal Service further argued that Briones could not raise his race and national origin claims because he had failed to raise them during the administrative process. Alternatively, the Postal Service argued that it was entitled to judgment as a matter of law because it had articulated legitimate, nondiscriminatory reasons for terminating Briones's employment.

On October 26, 1995, the district court denied Briones's summary judgment motion and granted that of the Postal Service. The district court found that Briones's age and

hostile environmental claims were untimely because he did not make contact with an EEO counselor until 10 months after he received his notice of discharge. The court declined to decide whether Briones's race and national origin claims were also barred as being unrelated to his age and hostile environment claims. The district court also ruled, without discussion, that the doctrines of equitable tolling, estoppel, and waiver did not excuse Briones's untimely initial contact with an EEO counselor. Judgment was entered on November 1, 1995.

On November 27, 1995, Briones filed a motion for extension of time to file a notice of appeal of the district court's grant of summary judgment and dismissal of his complaint, which the court construed as a timely notice of appeal. Briones filed his motion for appointment of counsel on March 19, 1996. On May 10, a Second Circuit panel denied Briones's motion for appointment of counsel, and dismissed the portion of the appeal relating to Briones's claim of unlawful discharge as so indisputably lacking in merit as to be frivolous within the meaning of 28 U.S.C. § 1915(d). Briones proceeded *pro se* with his claims of hostile work environment and disparate work assignments.

## II

### Discussion

#### A. Exhaustion of Administrative Remedies

 "Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin." *Boyd v. United States Postal Service*, 752 F.2d 410, 413–14 (9th Cir.1985) (citing *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). Under Title VII, a litigant must exhaust available administrative remedies in a timely fashion. *See id.* Similarly, the law of this circuit holds that, under the ADEA, a litigant is obliged to exhaust all administrative proceedings before filing a civil action in federal court. *Wrenn v. Secretary, Dept. of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir.1990). Under the regulations in effect at the time of Briones' dismissal, for a federal employee's administrative discrimination

complaint to have been timely filed, he was required to bring the matter to the attention of an EEO counselor within 30 calendar days of the date of the alleged discriminatory event, or of the date that he knew or should have known of the discriminatory event.[1] 29 C.F.R. § 1613.214(a)(1)(i) (1991). Accordingly, failure to bring a claim within the 30–day period ordinarily would have precluded a plaintiff from pursuing a discrimination claim in federal court. *Girard v. Rubin,* 62 F.3d 1244, 1246 (9th Cir.1995). However, the statutory requirement for filing is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996); *Boyd,* 752 F.2d at 414. Here, the district court made an independent determination of whether Briones had satisfied the timeliness requirement. *See Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1017 (1st Cir.1979) (EEOC's determination is a factor to be considered, but courts generally make an independent review of the timeliness of the agency filing). Specifically, the district court found that the 30–day contact period expired on September 18, 1990, i.e., thirty days after Briones was assumed to have received his notice of termination, and that, therefore, Briones's initial contact with an EEO counselor on June 11, 1991, was untimely. Furthermore, the record supports the view that Briones was fully aware of his rights to file a complaint with the EEO.

██ None of the traditional grounds for equitable tolling provide relief to Briones.[2] He is, however, entitled to a finding of waiver of the statutory requirements under reasoning of the Ninth Circuit's recent holding in *Girard.* Although the *Girard* plaintiff had contacted his EEO counselor nearly three years after the alleged discriminatory acts of the Internal Revenue Service ("IRS"), far beyond the statutory thirty-day filing period, *id.* at 1246, the EEOC ruled that his claim

was timely because he "could not have reasonably known that his discharge from the [IRS] was unauthorized and improper until he was told this fact by the EEO Counselor." *Id.* at 1245 (quoting EEOC decision.) The IRS then accepted the complaint, began an investigation, and ultimately ruled that no discrimination had occurred. *Id.* at 1245–46. That decision was affirmed by the EEOC, after which decision Girard filed suit in federal district court. *Id.* at 1246. Following cross-motions for summary judgment, the district court granted the defendant's motion, holding that Girard had not timely filed his administrative complaint. *Id.*

On appeal, the Ninth Circuit acknowledged case law holding that in a situation where a defendant agency receives and accepts a complaint, begins investigating, and later determines that the filing was untimely, the agency does not waive its right to argue lack of timeliness in district court even after an EEOC ruling that the complaint was timely filed. *Id.* (citing *Boyd,* 752 F.2d at 414.) In distinguishing Girard's situation, however, the court explained:

> The IRS did not receive and accept Girard's complaint and begin investigating, only to determine later that the filing was untimely. Quite the contrary. The IRS dismissed Girard's complaint for failure to comply with the statute of limitations; it made an express finding at the very beginning that the complaint was not timely. But the IRS did not have the final say on the matter.... [The EEOC's order finding the complaint to be timely filed] was a final binding order on the IRS, with which it had to comply unless it filed a motion to reopen within thirty days....
>
> The IRS neither appealed nor refused to proceed; instead, it began an investigation.

*Id.* at 1247 (citations omitted). It continued, "[w]hen a government employee seeks to

---

**1.** On April 10, 1992, the EEOC amended its regulations to extend the time limit to 45 days, effective October 1, 1992. *See* 57 Fed.Reg. 12, 634 (1992) (adopting release); 29 C.F.R. § 1614.105(a)(1) (new rule).

**2.** The doctrine of equitable tolling has been applied, *inter alia,* when the presiding court has led the plaintiff to believe that he has done all that is required, where affirmative misconduct has occurred by the defendant, and where the plaintiff has received inadequate notice. *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11–12 (2d Cir.1994). None of these circumstances are present in this case.

pursue a claim of discrimination under Title VII or the ADEA, the government cannot be at war with itself. Protean though it may sometimes be, it cannot in its EEOC form say that the employee may go forward, while in its IRS form it says he may not." *Id.* at 1248. We agree with the Ninth Circuit that, on these facts, a governmental agency defendant may not have "a second bite at the apple" by arguing lack of timely filing in federal court after failing to challenge an EEOC determination that the complaint was timely filed. We therefore adopt *Girard*'s holding.

Under *Girard*, the district court's dismissal of Briones's complaint for lack of timeliness was improper as a matter of law. Like the IRS in *Girard*, the Postal Service here did not begin investigating only to determine later that the filing was untimely, but instead initially dismissed the complaint as untimely based on Briones's failure to request EEO counseling within 30 days. Thereafter, the EEOC made an express finding that the complaint was timely, remanding the proceedings back to the Postal Service, and directing it to begin an investigation. Again, similar to the defendant agency in *Girard*, the Postal Service neither appealed the EEOC's determination nor refused to proceed, but, rather, began its investigation. Because we agree that *Girard* controls, we find that the district court improperly permitted the Postal Service to argue Briones's lack of timeliness in filing, and likewise was incorrect to dismiss Briones's complaint on that basis.

### B. Summary Judgment

■ We review a grant of summary judgment *de novo*. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Summary judgment is properly granted only where no genuine issue of material fact exists and movant is entitled to judgment as a matter of law. *Id.* Although both the Postal Service and the EEOC found Briones's claim insufficient on the merits, the district court here did not reach those merits because it found the complaint to be untimely. Having determined that the complaint should not have been dismissed for lack of timeliness, we address the question of whether summary judgment was properly granted. We believe it was not, because several issues of material fact remain to be decided.

This court has commented often that

[i]t is well-settled law that a plaintiff in an employment discrimination case "has the burden, [first] of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for [its conduct]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were [pretextual]."

*Hargett v. National Westminster Bank, USA*, 78 F.3d 836, 838 (2d Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 84, 136 L.Ed.2d 41 (1996) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (internal quotations and citations omitted)).

The parties dispute Briones's disparate treatment claim. Briones's summary judgment motion alleges that, compared with other PTF clerks, he was singled out for "heavy-lifting highly active jobs." The Postal Service's motion for summary judgment, on the other hand, does not address this claim of disparate treatment. The issue is a genuine one of material fact which remains unresolved.

■ The question whether Briones was subjected to a hostile work environment is also reasonably disputed by the parties. To prevail on a hostile work environment claim, Briones must show: "1) that [his] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment and 2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Van Zant*, 80 F.3d at 715 (citations omitted). Additionally, because the alleged harassment is attributable to a co-worker and not a supervisor, Briones must demonstrate that the Post-

al Service "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Id.* (citations omitted.)

Briones alleges that his supervisors created a hostile work environment both by failing to reprimand a co-worker who harassed and threatened him and by failing to act upon his oral report of that behavior. Facially, these allegations meet the requirements for a hostile environment claim. The Postal Service did not address this claim, but, rather, restricted its arguments to the issues of timeliness and Briones's termination. This issue thus remains disputed.

Because these genuine issues of material fact remain unresolved, the district court's grant of summary judgment for the Postal Service was inappropriate.

## Conclusion

We adopt the principle enunciated by the Ninth Circuit in *Girard.* Following a pre-investigation agency determination that a discrimination claim is untimely, an unappealed final EEOC determination ruling the filing timely is binding on the parties and the court in a later-related Title VII action. We further find that genuine issues of material fact on Briones's claims of disparate treatment and hostile work environment remain. Because the district court improperly dismissed Briones's complaint as untimely and improperly granted the defendant summary judgment, we hereby reverse that order and remand for trial.