**CYPRUS COPPER MARKETING CORPORATION; Industria Venezolana de Cables Electricos, C.A.; and Electrofinance Ltd., Appellants,**

v.

**SWISS BANK CORPORATION, Appellee.**

No. 98 Civ. 3042(BDP).

United States District Court, S.D. New York.

July 6, 1998.

Bruce C. Fuchs, Kurt F. Gwynne, Klett Lieber Rooney & Schorling, Pittsburgh, PA, for Appellants.

Philip H. Schaeffer, White & Case, New York City, for Appellee.

### MEMORANDUM DECISION

PARKER, District Judge.

### INTRODUCTION

Appellants, who are creditors of a metal trading concern known as Minpeco USA, and who filed a lender liability action against Swiss Bank arising out of the events preceding Minpeco's bankruptcy, appeal an Order of the Bankruptcy Court (Hardin, BJ), dated January 26, 1998, granting Swiss Bank's motion for summary judgment. For the reasons stated below, the January 26 Order of the Bankruptcy Court is affirmed in all respects.

### BACKGROUND

Until June 1995, Minpeco was engaged in the business of buying metallurgical products from Latin American producers and marketing them to customers in Latin America, North America, Europe, and Asia. Under a credit agreement, Swiss Bank provided financing to Minpeco for purchases on a transaction-by-transaction basis. Swiss Bank did not provide working capital financing to Minpeco. The extensions of credit made by Swiss Bank were secured primarily by letters of credit whose proceeds were assigned to Swiss Bank.

The events that form the basis of Appellants' claims began June 20, 1995, when the parent company of Minpeco, known as Inga, filed a *concordata*, the equivalent of a bank-

ruptcy petition, in Brazil. The filing of the *concordata* ·constituted an event of default under the Minpeco credit agreement. On June 21, Swiss Bank agreed to finance three transactions that Minpeco presented to it, in the aggregate amount of approximately $2,600,000, but declined to provide financing for two other transactions in the aggregate amount of approximately $655,000.

On June 22, 1995, Swiss Bank, concerned about the *concordata* filed by Inga, notified Minpeco that it would not provide financing for additional transactions. Swiss Bank also determined at that time to "block" Minpeco's account so that only approved disbursements could be made. Subsequently, Swiss Bank informed Minpeco that it would not extend additional loans unless Minpeco cured the default of Inga. Swiss Bank, after some discussions, specifically declined Minpeco's request for a working capital loan. On June 25, Swiss Bank learned that the letters of credit provided as security for its loans were no longer valid. Subsequently, Swiss Bank offset funds in Minpeco's account, notified Minpeco's creditors of its default, and directed them to submit any amounts owing Minpeco directly to Swiss Bank. Appellants, creditors of Minpeco, commenced an adversary proceeding, contending, in essence, that Swiss Bank breached its implied duty of good faith and fair dealing with respect to Minpeco, thereby improperly causing its demise. *See Filner v. Shapiro,* 633 F.2d 139, 143 (2d Cir.1980) (under New York law, implied covenant of good faith inheres in contractual obligations).

## DISCUSSION

This appeal follows the Bankruptcy Court's order granting summary judgment. This Court has jurisdiction under 28 U.S.C. § 158(a) and reviews *de novo* the Bankruptcy Court's grant of summary judgment. *See* 28 U.S.C. § 158(c); *Briones v. Runyon,* 101 F.3d 287, 291 (2d Cir.1996).

The Bankruptcy Court, in a thorough and well reasoned opinion dated December 19, 1997, properly granted summary judgment because Appellants provided no admissible evidence that the conduct of Swiss Bank violated an implied duty of good faith. Swiss Bank took no action that it was not permitted to take under the relevant credit and security agreements. *See Hartford Fire Insurance v. Federated Dep't Stores,* 723 F.Supp. 976, 991 (S.D.N.Y.1989) (mere exercise of contractual rights, without more, does not breach duty of good faith) (citations omitted). As noted above, Swiss Bank did not provide working capital financing to Minpeco, but rather simply financed individual transactions on a transaction-by-transaction basis. The parties' credit agreement clearly granted Swiss Bank the right to decline to finance a particular transaction. In addition, once Swiss Bank learned that the letters of credit were no longer valid, it was well within its rights to decline additional financing. This Court has reviewed Appellants' other contentions and finds them to be without merit.

## CONCLUSION

The Order of the Bankruptcy Court is affirmed for substantially the reasons set forth by Judge Hardin.

**SO ORDERED.**