Hazel **WILLIAMS**, Plaintiff,

v.

Alexis **HERMAN**, Secretary, U.S. Department of Labor, Defendant.

No. CIV.S00693LKKDAD.

United States District Court, E.D. California.

Jan. 11, 2001.

Elaine W. Wallace, Oakland, CA, for plaintiff.

Joseph Maloney, Assist. U.S. Atty., Sacramento, CA, for defendant.

## ORDER

KARLTON, Senior District Judge.

On March 30, 2000, plaintiff brought suit to challenge the remedy she was awarded in a decision of the Equal Opportunity Commission ("EEOC") that was adopted by defendant on March 2, 2000. Plaintiff seeks to litigate the portion of that decision which relates to damages, without subjecting to *de novo* review that portion of the decision which found that she was the victim of discrimination.

This matter is now before the court on defendant's motion for partial summary judgment. The motion seeks a determination that if plaintiff persists in challenging the sufficiency of the remedy she will expose the determination of discrimination to *de novo* review. I resolve the matter based on the papers and pleadings filed herein and after oral argument.

### I.

#### FACTS [1]

Plaintiff, an African American female, was a GS–5 mine inspection assistant for the Mine Safety and Health Administration at Vacaville. She was denied a promotion to a GS–6 position as a Lead Mine Inspection Assistant in August of 1994. Plaintiff filed an administrative complaint against the Department of Labor based upon discrimination.

On January 27, 2000, the EEOC issued a decision finding that plaintiff was not se-lected for the position because of her race. The EEOC awarded plaintiff back pay with interest from September 14, 1994, that she be promoted to GS 6 or a comparable position, or provide front pay until such time as a comparable placement can be accomplished. Moreover, plaintiff was to be compensated with 159 days of sick leave, $401.82 for medical bills; non-pecuniary damages of $12,000.00, and $40,629.70 for attorney's fees and costs. *See* Plaintiff's Complaint, Exhibit 2. Plaintiff disputes the sufficiency of the relief granted by the EEOC.[2]

### II.

#### REVIEW OF EEOC DECISIONS RELATIVE TO FEDERAL EMPLOYEES

The question presented by defendant's motion is whether a federal employee can seek *de novo* review of the remedy awarded by the EEOC without subjecting the finding of discrimination to *de novo* review.[3] Plaintiff contends that the issue is resolved by *Girard v. Rubin,* 62 F.3d 1244 (9th Cir.1995), while defendant contends it is open in the circuit and the statute and regulations require review of the entire case. As I now explain, resolution of the issue is less than pellucid. To put the issue in proper context, I first turn to the governing statute and the EEOC's implementing regulations.[4]

The federal government is prohibited from discriminating against its employees based upon race. *See* 42 U.S.C. § 2000e–16 (a). The Congress has provided the

---

1. The facts as stated herein are the undisputed facts offered by defendant and the additional facts offered by plaintiff which, for the purposes of this motion for summary judgment, are considered undisputed. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

2. Defendant has paid the undisputed sum of $12,401.82 for pecuniary and non-pecuniary compensatory damages.

3. The issue tendered is a pure question of law, and thus the standards for review of summary judgement when disputed facts must be considered do not aid in its resolution.

4. If the plaintiff is right, and the Ninth Circuit has authoritatively resolved the issue, independent examination of the statute by this court would be beside the point. As I explain in the text, the question of whether the Circuit has resolved the issue is less than certain. Putting the question in its statutory and regulatory context aids in resolution of that question.

Equal Opportunity Commission with the authority to implement the provisions of the statute through such rules and regulations as "it deems necessary," and to enforce the statute through the award of appropriate remedies. *See* 42 U.S.C. § 2000e–16(b). Those regulations are entitled to deference by this court. *See Chevron, U.S.A., Inc. v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

By regulation the EEOC has provided that federal employees may seek enforcement of its awards, *See* 29 C.F.R. § 1614.503(g),[5] and may, if aggrieved by the final disposition of a complaint, file a civil action. *See id.;* 42 U.S.C. § 2000e–16(c). As the regulation also provides, suit pursuant to the latter provision is *"de novo." See* 29 C.F.R. § 1614.503(g).[6]

Clearly one way of reading the regulations is that they provide for two forms of suit following a determination of the EEOC: the satisfied employee may sue to enforce if necessary, and the aggrieved employee may file a *de novo* suit under the antidiscrimination statute. If the regulations plainly so provide, in the absence of contrary binding authority, they control. *See Chevron U.S.A., Inc. v. NRDC, Inc.*

From all the above it would seem to follow that plaintiff's suit, being by an employee dissatisfied with the relief provided by the EEOC, is by an aggrieved employee within the meaning of the regulations, and thus requires *de novo* consideration in the district court.[7] The issue, however, is not so straightforward. Plaintiff's suit does not neatly fit within the regulatory scheme. On the one hand she is a satisfied employee, on the other she is aggrieved. Plaintiff insists that under such circumstances this court is bound by the Ninth Circuit's determination permitting limited review, citing *Girard v. Rubin,* 62 F.3d 1244 (9th Cir.1995). I turn to that assertion.

In *Girard,* the EEOC made a final decision that plaintiff's complaint was timely filed but affirmed the IRS's decision, rejecting his discrimination claims on the merits. *See Girard,* 62 F.3d at 1246. Plaintiff filed an action in the district court.

In its motion for summary judgment, the IRS challenged the EEOC determination that plaintiff had timely filed his administrative complaint. *Id.* The district court granted defendant's motion, finding that plaintiff had not complied with the statute of limitations when he filed his complaint. *See id.* The Ninth Circuit reversed, and held that the government waived its timeliness defense by failing to appeal the EEOC's decision. *Id.* at 1247.

The issue in *Girard* was whether the government had preserved the statute of limitations. It is one thing to say that the government waived an affirmative defense by failing to appeal, but it is quite another to say that the administrative findings were binding on the court when the employee appealed.[8]

**5.** 29 C.F.R. § 1614.503 provides:

   (g) ... Where the Commission has determined that an agency is not complying with a prior decision ... the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, ... and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361, or to commence de novo proceedings pursuant to the appropriate statutes.

**6.** In *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), the Supreme Court held that trials by private employees under Title VII are *de novo.* Given

the distinct statute and regulations governing EEOC procedures for federal employees, *Chandler* is not dispositive of the matter at bar. *See Moore v. Devine,* 780 F.2d 1559, 1562 (11th Cir.1986).

**7.** Plaintiff's complaint indicates that she disputes the "favorable relief award and decision issued by the Commission and adopted by the DOL." *See* Plaintiff's Complaint, at 3 ¶ 11.

**8.** In support of its holding, *Girard* cites at length, *Haskins v. U.S. Department of the Army,* 808 F.2d 1192, 1199–200 (6th Cir. 1987). However, *Haskins* only stands for the proposition that an employee may enforce an administrative decision without risking *de*

Plaintiff contends that even if *Girard* does not resolve the issue this court should conclude that a federal employee has the right to enforce a favorable EEOC finding while relitigating *de novo* that portion that is unfavorable. Plaintiff cites a number of cases from other circuits to support her proposition. *See Pecker v. Heckler,* 801 F.2d 709 (4th Cir.1986); *Haskins v. U.S. Department of Army,* 808 F.2d 1192 (6th Cir.1987); *Moore v. Devine,* 780 F.2d 1559 (11th Cir.1986); *Morris v. Rice,* 985 F.2d 143 (4th Cir.1993); *Hashimoto v. Dalton,* 870 F.Supp. 1544 (D.Haw.1994); *Huey v. Bowen,* 705 F.Supp. 1414 (W.D.Mo.1989); *but see, Cocciardi v. Russo,* 721 F.Supp. 735 (E.D.Pa.1989); *Simpkins v. Runyon,* 5 F.Supp.2d 1347 (N.D.Ga.1998); *Boarman v. Sullivan,* 769 F.Supp. 904 (D.Md.1991). The cases plaintiff adduces have one commonality, none of them examine the plain language of the regulations to which this court is bound to give deference. Rather, many of them cite one another without first acknowledging their *Chevron* duty. Others, are simply bound by precedent in their circuit. In light of this, the court finds the reasoning of the cases not particularly persuasive. Nonetheless, the sheer number of cases supporting plaintiff's assertion is entitled to some weight. A line of reasoning found in *Girard* also supports plaintiff's position.

As *Girard* quite sensibly notes the "government cannot be at war with itself." *See* 63 F.3d. at 1248. In other words, "it cannot in its EEOC form say that the employee may go forward, while in its IRS form it says it may not. Once the EEOC determined that Girard was entitled to pursue his discrimination claim the IRS was not entitled to ask [the district] court to hold otherwise." *Id.* It seems to this court that the same reasoning precludes the Department of Labor from challenging

the discrimination determination by the EEOC when it has not appealed it.

Given the above conclusion the court must still deal with its *Chevron* obligation to defer to the agency regulations. I can do so and still follow *Girard's* reasoning by concluding that the regulations do not exhaust the universe of possibilities, i.e. they do not address the issue of whether a plaintiff who is satisfied with the substantive result of the administrative proceeding, but not with its remedy, may seek review of the latter without being once again required to prove discrimination. When the regulations are viewed as nonexhaustive the court may resolve the issue in favor of the employee, who thus will not be required to defend a non appealed determination by an agency statutorily charged with making such decisions.

### III.

### ORDER

For the foregoing reasons, the court hereby DENIES defendant's motion for partial summary judgment.

IT IS SO ORDERED.

*novo* review, not that he may selectively challenge portions of an administrative decision. *Id.* at 1199. It is not entirely clear to the court how *Haskins* assisted the Ninth Circuit in *Girard,* since it clearly was an enforcement action. Regardless, *Girard,* whether classified

as an enforcement case or otherwise, does not in its holding address the separate question of whether plaintiff can seek *de novo* review of only that portion of the administrative findings which he deems favorable.