**Jon A. KRAVITZ, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, and Metropolitan Transportation Authority, Defendants–Appellees,**

Docket No. 02–7154.

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

New York, sitting by designation.

Jon A. Kravitz, pro se, Plainview, NY, Appearing for Appellant.

Martin B. Schnabel, New York, N.Y. (Steve S. Efron, of counsel), Appearing for Appellees.

Present: CARDAMONE, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant Jon A. Kravitz, *pro se*, appeals from the District Court's grant of summary judgment in favor of defendants New York City Transit Authority ("NYCTA") and Metropolitan Transportation Authority ("MTA") on his complaint of religious discrimination and retaliation under Title VII of the Civil Rights Act and the New York State Human Rights Law. Judgment was entered on December 21, 2001, and this appeal followed. We assume familiarity with the factual background and procedural history set forth in the opinion of the District Court, *Kravitz v. NYC Transit Auth.*, No. 94 Civ. 5910, 2001 WL 1646513 (E.D.N.Y. Dec.18, 2001).

On appeal, Kravitz reiterates the allegations in his complaint and argues that the District Court erred in granting the summary judgment motion because genuine issues of material fact existed with regard to all of his claims. "We review *de novo* a district court's grant of summary judgment to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." *United States v. Gordon*, 78 F.3d 781, 784 (2d Cir.1996). Reliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993); Fed.R.Civ.P. 56(e).

In Title VII religious discrimination actions, the plaintiff bears the initial burden of establishing a *prima facie* case to show "that he or she: (1) was a member of a protected class; (2) was qualified for the position; (3) was discharged; and (4) the discharge occurred in circumstances giving rise to an inference of discrimination." *Rosen v. Thornburgh*, 928 F.2d 528, 532 (2d Cir.1991) (internal quotation marks omitted). To establish an unlawful retaliation claim under Title VII, Kravitz must first show that: (1) he engaged in a protected activity; (2) his employer was aware of the activity; (3) an adverse employment action took place; and (4) a causal connection existed between the action and the protected activity. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir.1993). In order to prevail on a hostile work environment claim, a plaintiff must show both "(1) that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his employment and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Briones v. Runyon*, 101 F.3d 287, 291 (2d Cir.1996). This Court's "consideration of claims brought under the state and city human rights laws parallels the analysis used in Title VII claims." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n. 1 (2d Cir.2000).

We have examined plaintiff's contentions, as well as the evidence submitted in support of and opposition to the motion for

summary judgment, and find his claims to be without merit, for substantially the reasons set forth in the District Court's opinion.

Accordingly, the judgment of the District Court is hereby AFFIRMED.