RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0450P (6th Cir.)
File Name: 03a0450p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

RAYMOND NICKLIN,
*Plaintiff-Appellant,*

*v.*

No. 02-5183

WILLIAM J. HENDERSON,
Postmaster General, United
States Postal Service,
*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 99-00443—Karl S. Forester, Chief District Judge.

Argued: September 18, 2003

Decided and Filed: December 19, 2003

Before: SILER, BATCHELDER, and COOK, Circuit
Judges.

———————————

## COUNSEL

**ARGUED:** James M. Morris, MORRIS & MORRIS,
Lexington, Kentucky, for Appellant. Thomas Lee Gentry,
ASSISTANT UNITED STATES ATTORNEY, Lexington,

Kentucky, for Appellee. **ON BRIEF:** James M. Morris,
Sharon K. Morris, MORRIS & MORRIS, Lexington,
Kentucky, for Appellant. Thomas Lee Gentry, ASSISTANT
UNITED STATES ATTORNEY, Lexington, Kentucky, for
Appellee.

———————————

## OPINION

———————————

SILER, Circuit Judge. Plaintiff Raymond Nicklin petitions
this court for review of his disability discrimination action
against the United States Postal Service ("USPS"). The
district court denied Nicklin enforcement of a favorable final
order of the EEOC Office of Federal Operations ("OFO"). It
found that a settlement agreement, entered into before the
OFO order, barred Nicklin's discrimination claim. Nicklin
argues that the USPS waived the settlement issue by not
raising it at the OFO level, and, therefore, the district court
should have simply enforced the order. Because we find the
settlement agreement provides a separate legal bar at the
district court level, regardless of what happened at the OFO
agency level, we AFFIRM.

## I. BACKGROUND

In 1989, Nicklin sustained an on-the-job injury to his left
knee as a letter carrier for the USPS in Ormond Beach,
Florida. Due to this impairment, Nicklin was placed on
medical restriction and assigned to a distribution clerk
position. In 1994 the Lexington, Kentucky Post Office
denied him a transfer, and subsequently denied his request for
reconsideration even after his medical restrictions had been
removed. Prior to this denial Nicklin had over 200 Florida
claims decided by, or pending in front of, the EEOC.

Nicklin challenged the denial based on disability
discrimination, in violation of the Rehabilitation Act of 1973,

29 U.S.C. § 701 *et. seq*. When the USPS found no discrimination, Nicklin appealed to the EEOC OFO in 1995. On January 13, 1997, the USPS Florida branch and Nicklin entered a settlement agreement for $12,500 releasing "any and all cases in any and all forms or forums at any stage of appeal or processing." Subsequently on March 26, 1998, the OFO reversed the earlier USPS decision on appeal, finding that Nicklin was discriminated against by the Kentucky branch of the USPS. Apparently, the Florida USPS had not notified the Kentucky USPS of the settlement; consequently, the settlement was never raised by the USPS or considered by the OFO.

In July 1998, after the expiration of the thirty-day time limit for an internal OFO appeal, *see* 29 C.F.R. § 1614.407 (1998), the USPS realized the error and forwarded a copy of the settlement to the OFO. The settlement reached the OFO within thirty days of a different OFO decision on one of Nicklin's Florida claims, and the OFO honored the settlement *sua sponte* even though it found the USPS had waived the agreement by not asserting it earlier. However, before the OFO could consider the settlement's effect on his Kentucky claim, Nicklin filed this action in the district court to enforce the OFO's decision.

Nicklin asserted that since it was a simple enforcement action the district court should not question the merits of the OFO award. He argued that the USPS had waived its right to assert the settlement by not raising it in the OFO proceeding. The district court nonetheless found that the USPS could assert the settlement claim, that Nicklin had ratified any problems with the agreement by failing to "tender back" the $12,500 consideration, and granted summary judgment for the USPS.

Nicklin then appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the district court's grant of summary judgment *de novo. Kennedy v. Superior Printing Co.*, 215 F.3d 650, 655 (6th Cir. 2000). Taking the

evidence in the light most favorable to Nicklin, *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986), we will uphold the grant of summary judgment if there is no genuine issue as to any material fact such that the USPS is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. DISCUSSION

### The Validity of the Settlement Agreement

We start with the validity of the settlement agreement itself, because if it does not apply to Nicklin's Kentucky transfer claim, whether the USPS has waived its application is irrelevant. Nicklin argues he did not knowingly and voluntarily assent to the agreement, and that it did not cover his Kentucky claim.

Federal common law controls the validity of a release of a federal cause of action. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1481 (6th Cir. 1989). For discrimination cases, the Sixth Circuit uses a balancing test to determine whether a settlement agreement was entered into knowingly and voluntarily. We consider the following factors: (1) Nicklin's experience, background, and education; (2) the amount of time Nicklin had to consider the release, including whether he had the opportunity to consult with a lawyer; (3) the clarity of the release; (4) the consideration for the release; and (5) the totality of the circumstances. *See Adams v. Philip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir. 1995).

The district court properly granted summary judgment against Nicklin. Nicklin contests the time he was given to consider the agreement and argues that he was not offered counsel. According to him, he was given the agreement and told to sign it and return it "as soon as possible." Nicklin claims that this only gave him one day to read, consider, and sign the agreement. However, the district court found it "undisputed" that Nicklin never requested additional time to

consider the agreement, had negotiated it for several days prior, securing a favorable term excluding his workers compensation claim, and was well aware of his right to counsel from his numerous prior discrimination claims. Given that Nicklin does not seriously challenge the other four factors, we uphold the district court's finding that he knowingly and voluntarily entered into the settlement agreement.

This court can also set aside the agreement for mistake or fraud. *See Brown v. County of Genesee*, 872 F.2d 169, 174-75 (6th Cir. 1989). Nicklin bears the burden of showing that the settlement he made was invalid because of fraud or a mutual mistake under which both parties acted; a unilateral mistake on his part will not invalidate the agreement. *Id*. Nicklin argues that the agreement covers only his Florida discrimination claims, asserting both mistake and fraud.

The settlement was a general release of all Nicklin's claims, clearly covering his Kentucky transfer claim. The agreement reads that it is:

> [i]n complete and final settlement of any and all cases in any and all forms or forums at any stage of appeal or processing including but not limited to EEOC, NLRB, MSPB, and any court or courts and without prejudice to the position of the Postal Service in this or any other case . . . .

Nicklin claims he understood the agreement to only cover the Florida claims, leaving the Kentucky claim intact. However, the plain language of the agreement unambiguously covers all his claims, and specifically references "all EEOC" or "EEO" actions six times in the one-and-a-half page document. Nor does the agreement differentiate between the USPS branches; it covers all claims in any forum "concerning the United States Postal Service." The USPS negotiator, Thomas Hopper, testified that he intended the release to cover "any and all of [Nicklin's] claims against the Postal Service,

filed in any forum or location" and further did not intend or indicate any claims, besides the workers compensation claims, to be excluded. Thus, at most Nicklin made a unilateral mistake that the Kentucky claim was excluded. Since unilateral mistakes are insufficient to set aside the agreement, Nicklin's mistake claim fails. *Brown*, 872 F.2d at 174-175.

Nicklin also asserts fraud. He swore out an affidavit that "Hopper specifically told me" the settlement only released the Florida claims. If this were true, a triable issue of fact might exist. However, Nicklin subsequently backed off this assertion in his deposition, testifying that they "only discussed the Florida ones" and not that Hopper made any affirmative statement that the Kentucky claim was excluded. Thus, without any affirmative fraudulent statement to induce his reliance, Nicklin's fraud claim fails.

In sum, the district court properly found Nicklin knowingly and voluntarily entered the agreement, and that there was no voidable mistake or fraud.

**Failure to Assert the Settlement at the Agency Level**

Having found a valid settlement, we next consider the effect of the USPS's inadvertent failure to raise the settlement at the EEOC OFO administrative decision stage. The OFO found the USPS had discriminated against Nicklin and awarded him back pay, interest, and other benefits. The USPS failed to raise the settlement, and subsequently failed to move to reconsider within the thirty-day time limit. *See* 29 C.F.R. § 1614.407 (1998). Nicklin claims that the district court was required to blindly enforce the OFO decision without considering the settlement. He further argues that the doctrine of *res judicata* prevents the USPS from raising the settlement at the district court level because the USPS waived the settlement argument by not raising it in the earlier OFO proceeding.

Nicklin's argument has some support. Courts have applied *res judicata* to administrative law decisions employing a trial type hearing. *See Drummond v. Commissioner of Social Security*, 126 F.3d 837, 841 (6th Cir. 1997). Additionally, he correctly asserts that a federal employee is entitled to have the district court enforce a favorable administrative determination without having the court delve into the merits *de novo*. *See Haskins v. United States Dep't of the Army*, 808 F.2d 1192, 1199 n.4 (6th Cir. 1987). Nicklin's main support is *Girard v. Rubin*, 62 F.3d 1244, 1247 (9th Cir. 1995), where the Ninth Circuit found the IRS could not relitigate in the district court the EEOC's specific determination that Girard timely filed his complaint with the agency.

Although the USPS may have waived the settlement at the administrative level, the agreement poses a separate legal bar at the enforcement stage. The settlement agreement applied to all future actions, and forbade him to file any future "appeal, complaint, charge, grievance, etc. of any kind" in "the Federal Courts." Therefore, the USPS properly asserted the settlement as a separate bar at the district court enforcement action level, independent of what happened at the administrative level. The district court alluded to this, finding that the USPS was not requesting a merits review of the underlying OFO judgment, but merely asserting a legal bar to the enforcement. Under this reasoning, we uphold the district court's summary judgment dismissing Nicklin's enforcement action.

*Girard* is distinguishable because there the government was trying to relitigate the timeliness of a complaint filed with the agency. If the USPS were only trying to assert that the OFO should have considered the settlement, we might consider *Girard* persuasive. In the instant case, however, the USPS is instead asserting the settlement as an independent bar to the enforcement action at the district court level, not that the OFO should have honored the settlement at the agency level.

We further note our decision prevents a windfall to Nicklin. He received $12,500 in settlement of all his claims. If we were to ignore the settlement and enforce the OFO order, Nicklin would receive additional compensation in the form of back pay, interest, and other benefits for a claim he already settled. It "goes without saying that courts can and should preclude double recovery." *EEOC v. Waffle House*, 534 U.S. 279, 297 (2002).

We find Nicklin's remaining arguments without merit.

AFFIRMED.