**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EMIKO YONEMOTO, in her capacity as the authorized representative of the Estate of Ronald Yonemoto,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DAVID J. SHULKIN, Secretary, United States Department of Veterans Affairs,<br><br>Defendant-Appellee. | Nos. 15-16769<br> 16-16076<br><br>D.C. No.<br>1:11-cv-00533-JMS-RLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted February 13, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Emiko Yonemoto, in her capacity as the authorized representative of the

Estate of Ronald Yonemoto, appeals the district court's decision following a bench

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial and its order granting attorneys' fees and costs. We have jurisdiction under 28 U.S.C. § 1291.

The district court's evidentiary decisions were not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). Namely, the district court did not abuse its discretion in admitting out-of-court statements to show Dr. Michael Carethers's state of mind, *see Larez v. City of L.A.*, 946 F.2d 630, 642 (9th Cir. 1991), or in admitting testimony from Brian O'Neill, James Hastings, and Kaulatie JangDhari to show Yonemoto was unable to perform GS-13 level work. The evidence admitted was relevant and probative as to whether Yonemoto could perform GS-13 level work, and the evidence's probative value outweighed any prejudice.

The district court did not err in rejecting Yonemoto's Title VII retaliation and hostile work environment claims. The Veterans Administration (VA) offered a legitimate, nondiscriminatory reason for both the office move and the lack of assigned work and Yonemoto was unable to carry his "ultimate burden" of persuading the court that the VA "intentionally discriminated" against him. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Yonemoto waived his retaliation claim based on the denial of his proposal for a modified schedule

because it was not properly raised before the district court. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006). The fact that Yonemoto presented this claim to the EEOC is irrelevant. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 n.27 (9th Cir. 2008).

The district court did not err in rejecting Yonemoto's Rehabilitation Act claim. Yonemoto was unable to perform the essential functions of the job because "[a]n essential function of almost every job is the ability to appropriately handle stress and interact with others," *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015), and the district court did not clearly err in concluding that Yonemoto was unable to complete substantive work independently, take constructive criticism, and avoid interpersonal issues. Because the district court's "account of the evidence is plausible in light of the record viewed in its entirety," we may not reverse it. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

Although the VA failed to engage in an interactive process with Yonemoto to find a reasonable accommodation, *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc) *judgment vacated on other grounds by U.S. Airways Inc. v. Barnett*, 535 U.S. 391 (2002), the district court did not err in concluding that no reasonable accommodation was possible, *see Morton v. United Parcel Serv., Inc.*,

3

272 F.3d 1249, 1256 & n.7 (9th Cir. 2001) *overruled on other grounds by Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007) (en banc), and therefore the VA has no liability on this ground.

Further, Yonemoto's Rehabilitation Act claim includes only discrete acts that occurred on or after July 3, 2011 because Yonemoto's initial contact with an EEO counselor occurred on August 17, 2011, and Yonemoto's claim may include only those discriminatory acts that occurred within 45 days prior to his report to the EEOC. 29 C.F.R. § 1614.105(a)(1); *see also Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002). The EEOC did not expressly determine that Yonemoto's claim regarding incidents beginning November 29, 2010 was timely, and therefore the VA's reference to such claim had no effect. *See Girard v. Rubin*, 62 F.3d 1244, 1245–46 (9th Cir. 1995).

Finally, the district court did not abuse its discretion in its award of costs and fees. Even if Yonemoto's unsuccessful claims are related to his one successful claim, the limited nature of Yonemoto's success justified a reduction in costs and fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 435–37 (1983). Yonemoto received limited damages on the successful claim and his success did not lead to any alteration in VA policies or any other "meaningful public benefit." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009). The district court properly

4

"considered the relationship between the amount of the fee awarded and the results obtained," *Hensley*, 461 U.S. at 437, and reduced the "attorneys fee award so that it is commensurate with the extent of the plaintiff's success," *McCown*, 565 F.3d at 1104 (quoting *McGinnis v. Ky. Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994)).

**AFFIRMED.**