**Cheryl O. CHARLES, Plaintiff–Appellant,**

v.

**POSTMASTER GENERAL, United States Postal Service, Defendant–Appellee.**

No. 03–5927.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Cheryl O. Charles, Memphis, TN, pro se.

Joe A. Dycus, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, Christopher J. Burton, Washington, DC, for Defendant–Appellee.

Before GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

## ORDER

Cheryl O. Charles, proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–3 and 16: the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; and the Rehabilitation Act (RA), 29 U.S.C. §§ 701–796*l*. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 28, 2000. Charles, an African–American, Catholic, female over the age of forty, filed a complaint against William J. Henderson, Postmaster General of the

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

United States Postal Service. Charles alleged that she began her employment with the postal service in 1970. In 1990, Charles was transferred to the Memphis, Tennessee, Post Office, where she was employed in a supervisory position. Charles alleged that, during the course of her employment in Memphis, she was discriminated against because of her race, religion, gender, disability, and age, and retaliated against for engaging in Equal Employment Opportunity activity. Specifically, Charles alleged that she was denied a "detail" to the Chicago Post Office, subjected to changes in her employment duties, issued a Notice of Proposed Removal, and denied an incentive bonus.

After counsel was appointed to represent Charles, Henderson filed a motion for summary judgment, to which Charles responded. The district court granted Henderson's motion in part and denied the motion in part. Thereafter. Henderson filed a second motion for summary judgment. Since appointed counsel's motion to withdraw had been granted by the district court. Charles responded to Henderson's second summary judgment motion in a pro se capacity. The district court subsequently granted Henderson's motion for summary judgment as to the one remaining claim and dismissed the case. Charles has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title VII discrimination and retaliation claims are analyzed in accordance with the burden-shifting analysis espoused in *Texas Dep't of Cmty. Affairs v. Burdine,* 450

U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 928–29 (6th Cir.1999) (gender discrimination); *Barnett v. Dep't of Veterans Affairs,* 153 F.3d 338, 343 (6th Cir. 1998) (retaliation); *Talley v. Bravo Pitino Rest., Ltd.,* 61 F.3d 1241, 1246 (6th Cir. 1995) (race discrimination); *Smith v. Pyro Mining Co.,* 827 F.2d 1081, 1085 (6th Cir. 1987) (religious discrimination). Likewise, the *Burdine* and *McDonnell Douglas* burden-shifting framework also applies to employment discrimination cases based upon disability under the RA and age under the ADEA. *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 371 (6th Cir.1999) (ADEA); *see also Jasany v. United States Postal Serv.,* 755 F.2d 1244, 1249–50 (6th Cir. 1985) (RA). The plaintiff must first prove a prima facie case of discrimination. *Burdine,* 450 U.S. at 252–53; *McDonnell Douglas,* 411 U.S. at 802.

Once the plaintiff proves a prima facie case of discrimination, the burden shifts to the defendant to produce "some legitimate, nondiscriminatory reason" for the adverse employment action. *Burdine,* 450 U.S. at 253 (quoting *McDonnell Douglas,* 411 U.S. at 802). If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful discrimination. *See id.: McDonnell Douglas,* 411 U.S. at 804.

Upon review, we conclude that the district court properly granted summary judgment in favor of Henderson. Charles failed to demonstrate prima facie cases of discrimination and retaliation with respect to her claims based upon the denial of a detail to Chicago, changes in her employ-

ment duties, and receipt of a Notice of Proposed Removal. *See McDonnell Douglas,* 411 U.S. at 802 (race); *Crocker v. Runyon,* 207 F.3d 314, 318 (6th Cir.2000) (disability); *Jacklyn,* 176 F.3d at 928 (gender); *Godfredson,* 173 F.3d at 371(age); *Barnett,* 153 F.3d at 343 (retaliation); *Smith,* 827 F.2d at 1085 (religion). Charles also failed to show that Henderson's legitimate, non-discriminatory reason for the denial of an incentive bonus in 1998 was a pretext for unlawful discrimination and retaliation. *See Burdine,* 450 U.S. at 253; *McDonnell Douglas,* 411 U.S. at 804. Furthermore, Charles may not relitigate her discrimination and retaliation claims based upon her receipt of a Notice of Proposed Removal because such issues were encompassed within the terms of a settlement agreement that she and Henderson executed during previous litigation. *See Nicklin v. Henderson,* 352 F.3d 1077, 1082 (6th Cir.2003).

We further conclude that the district court did not abuse its discretion by entering summary judgment in favor of Henderson despite Charles's contention that additional discovery was necessary. *See Plott v. Gen. Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1196 (6th Cir. 1995). Charles had ample opportunity to obtain and introduce evidentiary support for her claims before the expiration of the discovery deadline. In addition, Charles does not indicate the relevance of the requested discovery or how the need for additional discovery prevented her from responding to Henderson's summary judgment motions.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.