# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-50285
Summary Calendar

PAUL W. SANDERS, JR.,

Plaintiff-Appellant,

versus

JANET RENO, United States Attorney General; ET AL.,

Defendants,

U.S. DEPARTMENT OF JUSTICE; U.S. IMMIGRATION
AND NATURALIZATION SERVICE; U.S. BORDER
PATROL, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas

September 9, 1999

Before POLITZ, SMITH, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:

Paul W. Sanders, Jr. appeals the Fed.R.Civ.P. 12(b) dismissal of his action for lack of subject matter jurisdiction. Our de novo review discloses no reversible error.

After Sanders, a federal employee, was not selected for a lateral transfer, he claimed that he was discriminated against based on his age and in retaliation for protected activity, in violation of the Age Discrimination in Employment Act, 29

U.S.C. § 621 **et seq.** and Title VII, 42 U.S.C. § 2000 **et seq.** The Department of Justice issued a Final Agency Decision ("FAD") in favor of Sanders, finding that his employer, the Immigration and Naturalization Service, had unlawfully discriminated against him based on his age. Thereafter, the INS offered Sanders the position he desired and commenced the process of re-employment. Before the process could be completed, counsel for Sanders wrote the INS advising that Sanders accepted the position offered and requested re-employment with various benefits. Without awaiting a response from the INS, Sanders filed the instant suit, demanding, in effect, that the INS comply with the FAD. Subsequently, Sanders resumed working in the position offered.

Sanders failed to satisfy the requirements of 29 C.F.R. § 1614.504(a), which directs that "[i]f [a] complainant believes that [an] agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance." We reject Sanders' contention that his counsel's letter constitutes substantial compliance. That letter was not addressed to the EEO Director and did not allege noncompliance. Under these circumstances, we lack jurisdiction herein. We also reject as meritless counsel's contention that Sanders was not required to exhaust remedies[1] or that his constitutional rights have somehow been violated by our

---

[1]We do not hold, contrary to Sanders' suggestion, that a federal employee must exhaust remedies before bringing an ADEA claim. Rather, we hold that a federal employee seeking enforcement of a FAD must exhaust remedies.

enforcement of the exhaustion requirement. Accordingly, the judgment below is

AFFIRMED.