**Venantius O. ENEJE, Plaintiff,**

v.

**John ASHCROFT, Defendant.**

**No. CIV. A. 01–21–HRW.**

United States District Court,
E.D. Kentucky,
Ashland Division.

Oct. 25, 2001.

Michael R. Dowling, Ashland, KY, for Plaintiff.

Dell W. Littrell, Assistant U.S. Attorney, Lexington, KY, John H. Douglas, Assistant U.S. Attorney, Charleston, SC, for Defendant.

**ORDER**

WILHOIT, Senior District Judge.

This matter is before the Court upon the Defendant's Motion for Summary Judgment or in the alternative Motion to Dismiss for Failure to State a Claim and the Plaintiff's Motion to Compel. For the following reasons the Defendant's motion will be granted and the Plaintiff's motion denied as moot.

### 1. Facts

On October 5, 1992, the Plaintiff was terminated from his employment as a physician's assistant at the Federal Correctional Institution in Ashland, Kentucky. The Plaintiff immediately filed an administrative complaint against the Bureau of Prisons for discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. The Plaintiff alleged discrimination on the basis of race (African), sex (male), and national origin (Nigeria). An investigation was conducted and a report filed with the Department of Justice's Complaint Adjudication Office ("CAO") for a final agency decision. Upon review of the report, the CAO found the Plaintiff had been discriminated against and ordered his reinstatement. This order was issued May 18, 1994.

On May 27, 1995, the Plaintiff received his back pay check. He immediately believed the amount was incorrect. According to the Plaintiff's counsel, "[s]ince May 27, 1995, the complainant has diligently worked to determine the correct amount of his back pay and withholdings." *See* Defendant's brief, exhibit 6, p. 1. On March 14, 1996, Plaintiff's counsel wrote to the agency disputing the amount of back pay. The agency responded on April 1, 1996, describing the back pay calculations used to determine the amount owed the Plaintiff. On April 28, 1996, the Plaintiff filed a formal administrative EEO complaint, number P–96–8925, alleging discrimination in the agency's compliance with the prior agency decision. Plaintiff's counsel wrote a letter to the CAO on May 30, 1996, complaining that the Plaintiff had not received all the back pay he was due. The CAO forwarded the letter to the EEO officer on June 28, 1996, requesting a response to the complaint. On November 20, 1996, the EEO officer replied to the CAO, describing the agency's compliance with the prior agency decision. This reply was communicated to the Plaintiff on December 5, 1996.

On February 26, 1997, the CAO dismissed the Plaintiff's administrative complaint, no. P–96–8925, for failure to state a claim. The Plaintiff filed a notice of appeal on March 24, 1997. The Commission affirmed the dismissal on August 19, 1998, citing Plaintiff's failure to utilize the exclusive enforcement procedures set forth at 29 CFR § 1614.504. *See Eneje v. Reno*, EEOC Appeal No. 01973692, 1998 WL 556932, Agency No. P–96–8925.

The Plaintiff subsequently filed a civil complaint on June 25, 1999, in the District of South Carolina, claiming discrimination and reprisal by the agency. The Plaintiff filed a second civil suit in the District of South Carolina on January 19, 2000, setting forth the same allegations asserted in the prior complaint. The Plaintiff subsequently stipulated to the dismissal of the latter suit as untimely; the original suit was transferred to the Eastern District of Kentucky on January 18, 2001.

### 2. Discussion

■ The Defendant claims the Plaintiff failed to utilize the EEOC's exclusive enforcement procedures set forth in 29 CFR §§ 1614.503 and 1614.504. Accordingly, the complaint must be dismissed for failure to exhaust the administrative remedies and for failure to state a claim. The regulations provide in pertinent part:

(a) ... Final action that has not been the subject of an appeal or civil action shall be binding on the agency. If the complainant believes that the agency has failed to comply with the terms of a ... decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have

known of the alleged noncompliance
. . . .

29 CFR § 1614.504.

■ The Defendant proceeds to note that Title VII is the exclusive judicial remedy for race discrimination in the federal sector, and "federal employees alleging such discrimination must exhaust the administrative remedies set forth in ... 42 U.S.C.2000e–16 and in 29 CFR Part 1614 before filing suit in federal court." *Higgins v. Runyon*, 921 F.Supp. 465, 468 (E.D.Mich.1996). These enforcement procedures are exclusive and must be satisfied before any recourse can be sought in federal court. *See, e.g., Hegazy v. Glickman*, EEOC Appeal No. 01993898, 2000 WL 1843622 (December 7, 2000); *Curtis v. Mosbacher*, 52 FairEmpl.Prac.Cas. (BNA) 1141, 1990 WL 78516 (D.D.C. March 30, 1990).

The Defendant proceeds to cite several cases which require exhaustion of administrative procedures before filing suit in court. In *Sanders v. Reno*, 186 F.3d 684 (5th Cir.1999), the Fifth Circuit affirmed a dismissal for "lack of subject matter jurisdiction" where a federal sector discrimination complainant brought a new complaint without utilizing the enforcement procedures at 29 C.F.R. § 1614.504. *See id.* at 685. In *Wilson v. Pena*, 79 F.3d 154 (D.C.Cir.1996), the Court of Appeals for the District of Columbia recognized the authority for requiring federal sector EEO plaintiffs to use the Commission's enforcement procedures, specifically noting the plaintiff "petitioned the EEOC for enforcement of its initial order." *Id.* at 166, n. 8. In addition, the Defendants cite a number of cases supporting the exclusivity of the Commission's enforcement procedures. *See, e.g., Ramirez v. Runyon*, 971 F.Supp. 363, 368–69 (C.D.Il.1997); *Davis v. Secretary of the Treasury*, 896 F.Supp. 978, 981

(N.D.Ca.1995); *Milazzo v. Henderson*, 1999 WL 461972 (E.D.La.1999).

The Defendant asserts that, pursuant to the above case law and applicable regulations, the Plaintiff had thirty days from the time he "knew or should have known of the alleged non-compliance" with the prior agency decision to file a written allegation of the Defendant's non-compliance. *See* 29 CFR § 1614.504(a). The Defendant states the Plaintiff failed to do so. The record indicates the Plaintiff did not communicate in writing to the Ashland facility until March 14, 1996; he did not communicate in writing to an EEO counselor until April 8, 1996; and he did not communicate in writing with the CAO until May 30, 1996.

The record further indicates the Defendant responded to the Plaintiff on December 5, 1996. Pursuant to the above regulations, Plaintiff had thirty days from the Defendant's response to file an enforcement petition with the Commission. However, the Plaintiff did not appeal to the Commission until April 23, 1997. The Defendant maintains this appeal was too late. Accordingly, the Defendant requests the Court to grant summary judgment as there is no triable issue of fact.

The Plaintiff responds that he filed a Second Discrimination complaint charging an unlawful employment practice contemporaneously with the 29 CFR 1614.504 procedure. The gist of this complaint is that the Defendant intentionally retaliated against the Plaintiff in calculating the back pay and implementing the remedy to which he was entitled.

Having reviewed the record, the Court must conclude the Plaintiff did not exhaust the applicable administrative procedures. The Commission has set forth enforcement procedures which must be utilized by a Plaintiff seeking relief. In the instant case, the Plaintiff did not follow the administrative enforcement procedures provided

in 29 CFR §§ 1614.503 and 1614.504. As the Plaintiff has not exhausted his administrative remedies, the Court now grants the Plaintiff's motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED:**

(1) The Defendant's motion to dismiss is **GRANTED**; and

(2) The Plaintiff's motion to compel production of the investigative file is **DENIED** as moot.