Venantius O. ENEJE, Plaintiff–Appellant,

v.

John ASHCROFT, Attorney General, Defendant–Appellee.

No. 02–5217.

United States Court of Appeals, Sixth Circuit.

June 19, 2003.

Before MARTIN, Chief Circuit Judge, KRUPANSKY and COLE, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff–Appellant, federal employee Venantius O. Eneje, filed suit in federal district court against Defendant–Appellee, John Ashcroft, alleging noncompliance and discriminatory retaliation in connection with the implementation of a prior administrative order that Defendant pay Plaintiff back pay because Defendant had discriminated on the basis of race when it fired Plaintiff. The district court treated Plaintiff's claim as a claim of noncompliance and, therefore, dismissed this claim for failure to exhaust administrative remedies as required by 29 C.F.R. § 1614.504. On appeal, Plaintiff claims that dismissal was improper because his retaliation claim was a new, properly exhausted, claim of discrimination, and because he had likewise properly exhausted his noncompliance claim. For the reasons described below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Plaintiff, who is originally from Nigeria, was employed by the federal Bureau of Prisons ("BOP") as a physician's assistant at the Federal Correctional Institute in Ashland, Kentucky until his employment was terminated on October 5, 1992. Defendant John Ashcroft, the United States Attorney General, is in charge of the United States Department of Justice ("DOJ" or "Agency"), which operates the BOP.

In October 1992, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor regarding the termination of his employment. Plaintiff timely filed a formal complaint of discrimination against Defendant. On May 18, 1994, the DOJ Complaint Adjudication Office ("CAO") issued the Agency's final decision, finding that Plaintiff had been discriminated against on the basis of race and national origin in violation of Title VII, ordering that Plaintiff be reinstated to his position with the BOP, and awarding Plaintiff back pay.

On May 27, 1995, Plaintiff received a check for back pay in the sum of $46,416.13 from the BOP.[1] Plaintiff immediately believed that he was entitled to a greater amount of back pay. As Plaintiff's counsel stated in a May 30, 1996 letter to the CAO, "Since May 27, 1995, [Plaintiff] has diligently worked to determine the correct amount of his back pay and withholdings."

Nine months later, on March 8, 1996, Freda Gooch, a personnel security specialist for the BOP, drafted a memorandum stating Plaintiff's 1995 earnings. On

---

1. On May 1, 1996, Plaintiff received a second check, in the amount of $376.83, from the BOP to account for a step increase in his pay that was not accounted for in the first check.

March 14, 1996, Plaintiff's counsel wrote a letter to Gooch, disputing Defendant's calculation of the amount of back pay due to Plaintiff. This was Plaintiff's first attempt to contact the BOP about its alleged failure to comply with the May 18, 1994 order. Gooch responded on behalf of the BOP on April 1, 1996, stating that, according to the records she had obtained, the amount of back pay due Plaintiff had been properly calculated.

Plaintiff contacted an EEO counselor in response to Gooch's letters. The record before this Court contains only a Report of Counseling, stamped June 24, 1996, that describes Plaintiff's complaint before the counselor as a complaint regarding Gooch's failure to properly compute his back pay.[2] In this report, the counselor states that Plaintiff sought, as corrective action, proper W–2 forms listing his earnings, an accounting of the deductions from his settlement, and interest. Thus, it appears that Plaintiff sought EEO counseling in connection with his noncompliance claim, but not with respect to any retaliation claim.

On May 28, 1996, Plaintiff filed with the Agency a formal EEO complaint, alleging retaliatory discrimination in the Agency's compliance with the May 18, 1994 final decision. Investigation of this complaint, which was deemed filed on May 29, 1996, began in July 1996.

On May 30, 1996, Plaintiff's counsel wrote a letter to the CAO, complaining that Plaintiff had not received all of the back pay that he was due, and that FCI–Ashland had not posted a notice of discrimination as it was required to do by the May 18, 1994 decision. This letter was Plaintiff's first attempt to contact the

Agency's EEO Director regarding the issue of noncompliance. The CAO requested a response to Plaintiff's letter from the Agency's EEO office. On November 20, 1996, the EEO officer replied to the CAO, describing the BOP's compliance with the May 18, 1994 decision and the calculation of Plaintiff's back pay. As a result, on February 26, 1997, the CAO dismissed Plaintiff's complaint for failure to state a claim.

Plaintiff appealed this decision to the Equal Employment Opportunity Commission ("EEOC") on March 24, 1997. On August 19, 1998, the EEOC affirmed the dismissal of Plaintiff's complaint, finding that Plaintiff did not raise a new claim of retaliation, but simply sought to compel Defendant's compliance with the relief ordered in the May 18, 1994 decision. The EEOC further concluded that Plaintiff had failed to properly exhaust his claims pursuant to 29 C.F.R. § 1614.504. Plaintiff did not receive the EEOC's August 19, 1998 decision until after March 29, 1999.

On June 25, 1999, Plaintiff filed a complaint in the United States District Court for the District of South Carolina, alleging employment discrimination based on "his race (Black) and national origin (Nigeria) and for retaliation against him for filing a complaint of discrimination against his employer." This suit was transferred to the Eastern District of Kentucky on January 18, 2001. On May 31, 2001 Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted or, in the alternative, to grant summary judgment due to Plaintiff's failure to exhaust administrative remedies. When Plaintiff failed to respond, the district court issued an August 1, 2001 order

**2.** Plaintiff claims, without support from the record before this Court, that he sought EEO counseling on April 8, 1996; had an initial interview with a counselor on April 9, 1996;

and, after the EEO counselor was unable to resolve his complaint informally, on May 14, 1996, the counselor provided Plaintiff with a right-to-file-complaint form.

to show cause why Defendant's motion should not be allowed. Plaintiff responded. On October 25, 2001, the district court granted Defendant's motion, concluding that Plaintiff had failed to exhaust his available administrative remedies pursuant to 29 C.F.R. § 1614.504. On December 20, 2001, the district court issued a final, appealable order, denying Plaintiff's Motion to Alter or Amend the October 25, 2001 order. This appeal followed.

## II. ANALYSIS

"We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). In considering a 12(b)(6) motion, "we must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the appellant can prove no set of facts in support of his claims that would entitle him to relief." *Id.*

### A. Noncompliance Claim

Plaintiff claims that he has a viable noncompliance, or enforcement, claim relating to the May 18, 1994 order. Defendant contends that Plaintiff failed to properly exhaust this claim before proceeding to federal court. In particular, Defendant claims Plaintiff was required to contact in writing the Agency's EEO Director within thirty days of when he knew or should have known that the Agency had failed to comply with the May 18, 1994 decision regarding back pay. We hold that Plaintiff's failure to petition the EEOC for enforcement prior to filing his civil complaint in federal court constitutes a fatal failure to exhaust.

Section 1614.504 of Title 29 of the Code of Federal Regulations governs "Compliance with settlement agreements and final action." Subsection (a) provides, in pertinent part: "If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance." 29 C.F.R. § 1614.504(a).

Plaintiff questioned the amount of his back-pay check as early as May 27, 1995 when he initially received it. Moreover, when Plaintiff received his 1995 W–2 form in January 1996, he again questioned the calculation of his back pay. Thus, Plaintiff knew or should have known of the noncompliance at least by January 1996. To the extent that Plaintiff "knew or should have known" of the alleged noncompliance in either May 1995 or January 1996, he was required to notify the Agency's EEO Director in writing by June 1995 or February 1996, respectively. However, Plaintiff did not contact the Agency's EEO Director, through the CAO, until May 30, 1996. Thus, Plaintiff did not comply with § 1614.504(a).

On appeal, Plaintiff contends for the first time that he did not have notice of the agency's noncompliance until at least April 1, 1996, when he received Gooch's letter detailing the calculation of back pay. We generally do not consider arguments raised for the first time on appeal, *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993); however, even assuming that Plaintiff did not and should not have known of the Agency's noncompliance until April 1, 1996, Plaintiff still waited sixty days before contacting the Agency's EEO Director in

writing to complain of the alleged noncompliance and did not, therefore, satisfy the requirements of 29 C.F.R. § 1614.504(a).

Noncompliance with the thirty-day notice requirement constitutes failure to exhaust administrative remedies. *Sanders v. Reno*, 186 F.3d 684, 685 (5th Cir.1999). Exhaustion procedures are mandatory. *Id.; see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Because Plaintiff's noncompliance claim was not properly exhausted, no appeal of this unexhausted claim could properly be taken to federal court under § 1614.504. Thus, the district court properly dismissed Plaintiff's noncompliance claim.[3]

Because Plaintiff did not contact the Agency's EEO Director regarding his noncompliance claim within the requisite thirty-day period, we need not address Plaintiff's subsequent argument that, because his May 30, 1996 noncompliance complaint was not resolved by the Agency, it was properly filed in federal district court within 180 days of the filing of the complaint with the Agency.

### B.  Retaliation Claim

Plaintiff claims that the district court failed to acknowledge his retaliation claim as an "independently viable claim." Defendant argues, in contrast, that Plaintiff is simply attempting to circumvent the enforcement and compliance procedures set out in Sections 1614.503 and 1614.504, by arguing that his complaint was based upon new acts of discrimination.

Under certain circumstances, federal employees, like private employees, may pursue a separate cause of action based upon retaliation. *See* 29 C.F.R. §§ 1614.101(b), 1614.103(a), 1614.504(c). Title 42 U.S.C. § 2000e–16(d), which addresses employment discrimination claims against the federal government, incorporates § 2000e–5, in particular, subsections (f) through (k) of § 2000e–5. Though 42 U.S.C. § 2000e–5(g) provides remedies for employees who suffer an adverse employment action as a result of discrimination based on race, color, religion, sex, or national origin, it also provides the same remedies for those who make out a claim under § 2000e–3(a), which prohibits employers from harassing or retaliating against an employee for claiming that he was discriminated against. *See* 42 U.S.C. § 2000e–5(g) (incorporating 42 U.S.C. § 2000e–3(a)). Thus, in appropriate circumstances, federal employees may file separate claims of retaliation, subject to the requirements set out in § 1614.101 *et seq.*

Here, however, Plaintiff's retaliation claim is simply a restatement of his noncompliance claim. In essence, Plaintiff claims that Defendant failed to comply with the May 18, 1994 order as a form of retaliation for Plaintiff's having obtained the order in the first place. Thus, Plaintiff has only a noncompliance claim–a claim that Defendant failed to comply with this order. This conclusion is supported by the June 1996 Report of Counseling which addresses noncompliance but not retaliation. As the district court and the EEOC con-

---

**3.**  Defendant did not waive any timeliness arguments when it investigated Plaintiff's complaint and, eventually, dismissed it on exhaustion grounds. *See Bowden v. United States*, 106 F.3d 433, 438 (D.C.Cir.1997); *see also Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001). Defendant has consistently raised timeliness issues, and Plaintiff's complaint was dismissed on exhaustion grounds. *See Bowden*, 106 F.3d at 438–39; *see also Oaxaca v. Roscoe*, 641 F.2d 386, 390 & n. 2 (5th Cir.1981).

cluded, Plaintiff has billed his claim as a "new" retaliation claim in order to avoid compliance with the procedures set out for seeking enforcement of a prior order in 29 C.F.R. § 1614.504. In affirming the Agency's dismissal of Plaintiff's retaliation claim, the EEOC found that Plaintiff:

> [I]s alleging that the agency discriminatorily failed to implement the relief ordered in a prior final agency decision finding discrimination. Such a claim should be pursued under § 1614.504(a) and should be commenced by notifying the EEO Director of the alleged noncompliance. There is no separate claim of discrimination that can be pursued regarding the agency's alleged failure to implement the terms of a prior final agency decision. The Commission finds that the agency properly dismissed the instant complaint pursuant to § 1614.107(a) for failing to state a claim. If appellant wants to pursue his claim that the agency failed to comply with the prior final decision, then he must contact the EEO Director (or Complaint Adjudication Officer) in writing of such an allegation.

> To the extent that appellant is alleging harm in the implementation of the prior final decision we find that appellant has failed to show how he was aggrieved and that such allegations are properly dismissed for failing to state a claim pursuant to § 1614.107(a).

We agree. Thus, Plaintiff has failed, under the circumstances of this case, to present a retaliation claim that is distinct from his noncompliance claim. As stated above. Plaintiff has not properly exhausted his non-compliance claim because he failed to contact the Agency's EEO Director in writing within the thirty-day period set forth in 29 C.F.R. § 1614.504.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.