IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-31243

EVIA P. HODGE

Plaintiff-Appellant

v.

JOHN E. POTTER,  Postmaster General;
U.S. POSTAL SERVICE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana, Lake Charles
USDC No. 2:05-CV-707

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Evia P. Hodge (Hodge) appeals the district court's judgment in favor of her employer in this discrimination case.  We affirm.

I.    BACKGROUND

Hodge has been employed by the United States Postal Service (Postal Service) as a customer relations coordinator since 1999.  In 2003, Hodge filed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sex discrimination complaint with the Equal Employment Opportunity Commission (EEOC). In December 2004, after conducting a hearing, the administrative law judge (ALJ) found in favor of Hodge on her sexual harassment claim. The ALJ awarded $40,000 in compensatory damages. The Postal Service issued a check in the amount of $40,000 to Hodge.

In 2005, Hodge filed suit in federal district court against the Postal Service and Postmaster General, alleging discrimination based on her sex and retaliation for filing a complaint with the EEOC. 42 U.S.C. § 2000e, et seq. The defendants filed an answer and a counterclaim seeking to recover the $40,000. In 2006, the defendants filed two motions for summary judgment. The first motion asserted there was no genuine issue of material fact with respect to her claims of sexual harassment or retaliation. The second motion contended that Hodge's complaint should be dismissed because she failed to timely exhaust her administrative remedies. Hodge responded to both motions and the defendants filed a reply.

On September 20, the district court denied the motion for summary judgment regarding the claim that Hodge had failed to timely exhaust her administrative remedies. However, the district court granted summary judgment against Hodge with respect to her sex discrimination and retaliation claims, finding no genuine issue of material fact.

On September 21, the district court ordered the parties to submit briefs with respect to the defendants' counterclaim. Although the defendants filed a brief in support of their counterclaim, Hodge failed to do so. On October 24, the district court granted the defendants' counterclaim and ordered judgment against Hodge in the amount of $40,000. Hodge now appeals.

II.   ANALYSIS

A.   Summary Judgment

In her initial brief, Hodge contends that the district court erred in granting summary judgment.  More specifically,  Hodge argues that the district court erred in finding that she had not timely exhausted her administrative remedies. Hodge is mistaken; the district court denied the defendants' motion for summary judgment with respect to this claim.   Instead, the district court granted summary judgment because it found no genuine issue of material fact with respect to the sex discrimination and retaliation claims.

The appellees argue that by failing to brief the proper issue, Hodge has abandoned her challenge to the summary judgment.  In her reply brief, Hodge admits that she addressed the wrong issue.  Nonetheless, Hodge argues that she did not abandon the issue because she did contend that the district court erred in granting summary judgment.  Hodge also points out that her initial brief contains "instances of the harassment she received over four years [that] were addressed that showed terms, conditions and privileges of her employment to be both  subjectively  and  objectively  affected."   The  language  she  refers  to  is contained in the statement of facts in her brief, but is not made in the context of an argument.

Hodge's failure to brief any argument challenging the district court's reason for dismissal results in abandonment of the issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9)(A) (stating that "appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies") .  Moreover,  issues raised for the first time in an appellant's reply brief are also not considered.   See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).  Hodge therefore abandoned any challenge to the district

court's grant of summary judgment with respect to the discrimination and retaliation claims.

In the alternative, Hodge requests this Court to "order a new original brief be submitted with the briefing order re-set." We DENY this request.

B.     Counterclaim

Hodge next contends that the district court erred in holding that she was not entitled to retain the award of $40,000. Hodge states that "[t]he court should not have granted this counterclaim as Ms. Hodge and the defendant entered into an agreement for the monetary payment as a result of the EEOC judgment and as such, the agreement should be honored."[1] The appellees respond that Hodge has failed to adequately brief the counterclaim issue. The appellees first note that in district court, Hodge failed to brief the issue as ordered. The appellees also correctly note that the six lines of argument with respect to the counterclaim in her initial brief do not contain authority or citations to the record. See Yohey, 985 F.2d at 225; FED. R. APP. P. 28(a)(9)(A). As such, we agree that Hodge effectively abandoned the issue by failing to adequately brief it.

Nonetheless, even assuming the issue is properly raised, Hodge has not shown that the district court erred in granting the counterclaim. As set forth above, Hodge has not shown that the district court erred in granting summary judgment against her with respect to the discrimination and retaliation claims. The ALJ had awarded Hodge $40,000 based on those claims.

Pursuant to 42 U.S.C. § 2000e-16(c), Hodge had the right to bring a civil action if she was "aggrieved" by the final decision of the agency. Hodge filed suit in district court, seeking a declaration that the defendants' conduct was unlawful, additional compensatory damages, and attorney's fees. The relief

---

[1] We note that even this argument is not supported by any authorities and was not advanced in Hodge's reply to the counterclaim in district court.

4

requested demonstrates that she was seeking de novo review in the district court. Indeed, in the district court, Hodge admitted that she was seeking a trial de novo. "[W]hen a federal employee comes to court to challenge, in whole or in part, the administrative disposition of his or her discrimination claims, the court must consider those claims de novo, and is not bound by the results of the administrative process. . . ." (William) Morris v. Rumsfeld, 420 F.3d 287, 294 (3d Cir. 2005); see also Laber v. Harvey, 438 F.3d 404, 421 (4th Cir. 2006) (en banc) (holding that a federal employee cannot bring a civil action placing only the allegedly insufficient administrative remedy at issue—the employee must also place the finding of discrimination at issue).[2]

Therefore, by seeking de novo review in district court, Hodge incurred the risk of losing on the merits, which is precisely what happened. Hodge has not demonstrated that the district court erred.

For the above reasons, the district court's judgment is AFFIRMED.

---

[2] On the other hand, a federal employee may also bring suit in district court to enforce a favorable agency order. Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995). A federal employee may seek such enforcement "without risking de novo review of the merits." Id. In the case at bar, Hodge had received the $40,000 check and deposited it in her bank account. In light of the defendants' full compliance with the agency order, Hodge could not have been seeking enforcement of the order.