**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-40282

JOSEPHINE V. PUENTE

Plaintiff - Appellant

v.

TOM RIDGE, SECRETARY, DEPARTMENT OF HOMELAND SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CV-267

Before GARWOOD, OWEN, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:[*]

Two ships passed in the night, and this case resulted. At oral argument of this case, Plaintiff-Appellant Josephine V. Puente argued that she lost the ordinary breaks given to all similarly-situated employees (two twenty-minute breaks and one thirty-minute lunch break) because she used some of that break time to express breast milk following the birth of her child. The Defendant-Appellee, the Secretary of Homeland Security (the "Secretary"), conceded at oral argument that such conduct would be improper. But the Secretary says that is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not what this case is about. Instead, it is about Puente's request to get *additional* paid breaks on top of the seventy minutes already allocated to all employees. For her part, Puente conceded at oral argument that she was not entitled to preferential treatment in the form of additional paid breaks. With so much agreement, we are left to puzzle over how this case has taken nearly nine years to reach us in a state where the parties disagree over what the disagreement is. For the reasons set forth below, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Puente was employed as a Border Patrol Agent ("BPA") with what is now the Department of Homeland Security ("DHS") at the Ysleta Border Patrol Station facility in El Paso, Texas. In January 2000, Puente gave birth to a baby girl and elected to breast feed. She returned to full-duty status as a BPA in March 2000. During her shift, Puente took breaks to express breast milk, which required her to leave her regular post, travel to the El Paso Port of Entry Station where she could express her breast milk privately, clean and store her pump in a secure location, and return to her post. DHS's break policy allowed BPAs at the El Paso facility two paid, twenty-minute breaks and one paid, thirty-minute lunch period per shift.

On April 2, 2000, Puente wrote a memorandum to Robert J. Cranston, Patrol Agent in Charge at the Ysleta Station, notifying management that she needed breaks to go into the Port of Entry to express milk once every three to four hours and that she would need a clean and secure area to store her pump. On April 13, Puente and her union steward, Jim Stack, met with Cranston and the Patrol Agent In Charge, Stuart Woodside. During that meeting, she repeated that request, asking for thirty minutes per break. Cranston and Woodside informed Puente that DHS would accommodate her request, but that she would have to either take leave or extend her shift to account for the time she was requesting.

In August 2000, Puente filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (2008) (the "PDA"). The administrative law judge ruled in Puente's favor, and the Office of Federal Operations ("OFO") upheld the ruling. The OFO ordered DHS to restore Puente's leave time and to pay her $10,000 in compensatory damages. DHS requested reconsideration, but the OFO denied the request. DHS did not comply with the EEOC's order.

Dissatisfied with the amount awarded to her by the EEOC, Puente filed a civil suit in the United States District Court for the Southern District of Texas against the Secretary, alleging gender discrimination, retaliation, disparate treatment, and hostile work environment under Title VII, as amended by the PDA. Puente requested a jury trial and the following remedies: (1) reimbursement of her expenses incurred after a transfer from El Paso to McAllen, Texas, (2) restoration of leave time, (3) front and back pay, (4) attorney's fees, (5) $300,000 in statutory compensatory damages, and (6) monetary damages for emotional and physical harm, or (7) "in the alternative a lump sum of three million dollars."

The Secretary moved to dismiss Puente's claims under Federal Rule of Civil Procedure 12(b)(6). The Secretary made two contentions – (1) Puente's vague pleadings did not state a claim under any theory, and (2) Title VII and the PDA do not offer protection to a breast-feeding woman based on her status as such. The district court held that Puente's "decision to breast feed . . . [did] not afford her protection under the PDA (and as a result neither under Title VII)," and granted the Secretary's motion as to the gender discrimination, disparate treatment, and hostile work environment claims. However, the district court

allowed Puente to proceed with her retaliation claim because that claim "[did] not necessarily hinge on [Puente's] status as a 'women [sic] who breast feeds.'"

The Secretary later moved for and the district court granted summary judgment as to Puente's retaliation claim. The district court held that even assuming there was circumstantial evidence of a causal link between Puente's protected EEOC activity and DHS's adverse employment decision (*i.e.*, "forcing [Puente] to take unpaid leave in order for her to have adequate time to express breast milk"), the Secretary "asserted a legitimate, non-discriminatory reason for its actions[,] and there [was] no evidence that the . . . given reason [was] pretextual." Puente appeals the dismissal of her discrimination and retaliation claims.

## II. DISCUSSION

### A.    The District Court's De Novo Review of Puente's Claims

Before arguing the merits of her discrimination and retaliation claims, Puente first raises the issue of whether the district court should have given greater weight to the EEOC's decision rather than conducting a de novo review of her claim. Puente argues that she did not have to comply with the procedural requirements articulated by 29 C.F.R. § 1614.504 (2009) because she complied with the directives of the OFO's final decision. Consequently, according to Puente, her complaint should have been treated as seeking enforcement of the EEOC's decision rather than seeking de novo review.

A federal employee who receives a favorable EEOC decision may sue in federal district court either to enforce that decision or to have the complaint reviewed de novo. *See* 29 C.F.R. § 1614.503(g); 42 U.S.C. § 2000e-16(c); *Chandler v. Roudebush*, 425 U.S. 840, 846-56 (1976). Puente sought relief far in excess of the remedies provided in the EEOC order, which demonstrates that she was seeking de novo review rather than enforcement. *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003); *see Massingill v. Nicholson*, 496 F.3d 382,

384–86 (5th Cir. 2007); *Hodge v. Potter*, 257 F. App'x 728, 730 (5th Cir. 2007). Regardless, enforcement of the EEOC order was not an avenue available to Puente in the district court because she did not notify the EEOC of her employer's non-compliance. *See* 29 C.F.R. § 1614.504(a) ("If the complainant believes that the agency has failed to comply with the terms of a . . . decision, the complainant shall notify the EEO Director . . . of the alleged noncompliance."); *see also Sanders v. Reno*, 186 F.3d 684, 685 (5th Cir. 1999).[1] Accordingly, the district court properly conducted a de novo review of Puente's claims.

## B. Puente's Discrimination Claim

Puente next challenges the district court's dismissal of her discrimination claim under Rule 12(b)(6). The district court concluded that while Puente's complaint "could certainly be clearer and more detailed," it satisfied the notice requirements of Federal Rule of Civil Procedure 8(a).[2] Nonetheless, the district court dismissed Puente's discrimination claim under Rule 12(b)(6), concluding that her decision to breast feed did not afford her protection under Title VII as amended by the PDA. Puente argues on appeal that her discrimination claim should not have been dismissed as DHS required her to take leave or to extend her shift to account for the time she spent expressing breast milk while on duty.[3]

---

[1] A plaintiff is not required to comply with § 1614.504's procedural requirements to seek de novo review of her Title VII claim. *See* 42 U.S.C. § 2000e-16(c).

[2] "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)).

[3] Puente has also alleged harassing behavior by other BPAs seemingly in an effort to support her discrimination claim. Specifically, Puente maintained that although she informed management she would need a clean area to store her breast pump, she was forced to leave the breast pump in the processing area of the port of entry, and, as a result, several agents tampered with her breast pump to "satisfy their curiosity." These facts are contained in the summary-judgment record, not in the complaint; therefore, we will not consider them in determining whether the district court's 12(b)(6) dismissal of her discrimination claim was proper. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

We review de novo the district court's 12(b)(6) dismissal for failure to state a claim.[4] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We accept "'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Bell Atl. Corp.*, 550 U.S. at 555 (internal citations omitted). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *In re Katrina*, 495 F.3d at 205 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).

---

Even if the alleged harassing behavior were considered, it was not sufficiently severe or pervasive to create a hostile work environment. *See Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).

[4] Both parties' appellate briefs treat Puente's discrimination claim as being dismissed via summary judgment. This is not the procedural posture of this case. Here, the district court dismissed Puente's discrimination claim under Rule 12(b)(6) for failure to state a claim. Because the district court did not consider materials outside the pleadings in ruling on that motion, this court's review usually is confined to the pleadings and attachments thereto. *See Collins*, 224 F.3d at 498. However, here the same reason that defeats Puente's retaliation claim on summary judgment also defeats the discrimination claim. Thus, since the outcome would have been the same had the district court considered the later summary judgment materials, this distinction is not critical to this case.

The PDA amended Title VII to include discrimination based on pregnancy and related medical conditions:

> The term 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work.

42 U.S.C. § 2000e(k).

To analyze the merits of a plaintiff's Title VII discrimination claim, we use the familiar *McDonnell Douglas* framework, which first requires the plaintiff to establish a prima facie case of discrimination.[5] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, the *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506-07 (2002). Thus, for purposes of surviving a Rule 12(b)(6) motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 511; *see also Johnson v. Johnson*, 385 F.3d 503, 531 (5th Cir. 2004). Still, this court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to "allege facts sufficient to state all the elements of her claim." *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 370 (5th Cir. 2008) (quoting *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006)).

Puente's complaint alleged in relevant part the following: (1) all BPAs receive two twenty-minute breaks and one thirty-minute lunch period; (2) supervisors closely monitored her breaks after she started using them to express

---

[5] A prima facie case requires the plaintiff to show that: "'(1) [she] is a member of a protected class; (2) [she] was qualified for her position; (3) [she] was subject to an adverse employment action; and (4) . . . in the case of disparate treatment, . . . 'that others similarly situated were treated more favorably.'" *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)).

breast milk, all the while ignoring "the breaks taken by the male BPA and the BPA who smoked tobacco"; (3) Puente asked DHS to allow her "two thirty-minute periods" during which she could "express breast milk while on duty. . . without having to take her leave(s)"; and (4) DHS "agree[d] to permit [Puente] to take two thirty[-]minute breaks to express breast milk, but requir[ed] that she either use leave, take leave without pay, or extend her work day to make up the time."

Equally as important as what Puente *did* allege in her complaint is what Puente *did not* allege in her complaint. Puente did not allege that DHS took away the two twenty-minute breaks or the one thirty-minute lunch period she and every other BPA received; she did not allege that her request for two thirty-minute periods merely amounted to reallocating the seventy minutes of break time already given to her; and she did not allege that DHS expressly prohibited her from expressing breast milk during her seventy minutes. In sum, Puente did not allege the facts that, if true, were well within her knowledge and which she should have shouted from the courthouse rooftop. "[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976).

At bottom, Puente asked for a benefit different from that which every other BPA received. While she was allegedly denied that benefit, she never alleges that she received less than the status quo as a result of her request. Assuming without deciding that Puente would fall within the class of persons protected by the PDA, "the PDA does not impose an affirmative obligation on employers to grant preferential treatment . . . ." *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 207 (5th Cir. 1998) (citing *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 284-86 (1987)). Accordingly, albeit for different reasons, we agree with the district court's decision to dismiss Puente's Title VII discrimination

claim pursuant to Rule 12(b)(6).  *See Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) ("[This court] may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record.").

## C.  Puente's Retaliation Claim

Finally, Puente challenges the district court's grant of the Secretary's motion for summary judgment as to her retaliation claim.  The district court held that the Secretary asserted a legitimate, non-discriminatory reason for DHS's actions and that Puente failed to demonstrate that the Secretary's reason was merely pretextual.  On appeal, Puente argues that she engaged in protected union activity and that DHS unlawfully retaliated against her four days later by sending her a written memorandum dated April 17, 2000, requiring that she either take unpaid leave or extend her shift to account for any time she spent expressing breast milk while on duty.

This court reviews a district court's order granting summary judgment de novo, applying the same standard as the district court.  *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "A genuine issue of material fact exists if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-movant."  *Aryain*, 534 F.3d at 478.  "[A]ll facts and evidence must be taken in the light most favorable to the non-movant."  *LeMaire v. La. Dept. of Transp. & Dev.,*  480 F.3d 383, 387 (5th Cir. 2007).  In reviewing the summary judgment evidence, we must "refrain from making credibility determinations or weighing the evidence."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

The movant bears the initial burden of demonstrating that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant does not meet this burden, summary judgment must be denied.

*John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). But if the movant meets this burden, the nonmovant "must [then] identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim[.]" *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). "[S]uch evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *Id.*

Like discrimination claims, we analyze retaliation claims using the *McDonnell Douglas* framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Thus, to survive a motion for summary judgment, the plaintiff must make a *prima facie* case of retaliation, which requires showing that: (1) the plaintiff engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). In the retaliation context, an adverse employment action is one that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

In moving for summary judgment, the Secretary met his burden of demonstrating that no genuine issue of material fact existed as to an element of Puente's retaliation claim, namely, whether Puente suffered an adverse employment action. The Secretary attached to his motion for summary judgment several affidavits from the various superior patrol agents who handled Puente's request. Each affidavit avers that Puente was never denied the opportunity to express breast milk during the two twenty-minute breaks and the one thirty-minute lunch period allotted to every BPA. According to the affidavits, Puente wanted break time for expressing breast milk *in addition to*

the seventy minutes of break time she already received. Because she wanted additional break time, DHS thought it only fair to require Puente to account for the additional break time by taking leave or extending her shift. *See Urbano*, 138 F.3d at 207 (citing *Guerra*, 479 U.S. at 284-86) ("[T]he PDA does not impose an affirmative obligation on employers to grant preferential treatment . . . .").

Because the Secretary satisfied his summary-judgment burden, the burden shifted to Puente to make a prima facie showing of retaliation. Puente has offered neither an explanation nor specific evidence refuting the assertion that the DHS only refused to give Puente preferential treatment in the form of more paid break time than every other BPA. The only "evidence" Puente points to in an attempt to show that she was prohibited from being able to express breast milk during the seventy minutes of break time already allotted to her is a written memorandum from the DHS delivered to her four days after her meeting with management on April 13th. This memorandum was not part of the summary judgment evidence and is nowhere to be found in the record on appeal.[6] Looking at Puente's summary-judgment evidence that the district court

---

[6] There was confusion at oral argument as to whether the administrative record, which allegedly includes this memorandum, was part of the summary-judgment evidence and the record on appeal to this court. To be clear, it is part of neither. On January 27, 2006, Puente moved for leave to file a voluminous record, presumably the administrative record, as an additional supplement to her response. The district court granted Puente leave to conventionally (as opposed to electronically) file the voluminous document, but expressly noted that its order was "not intended to be an acknowledgment that such document was timely filed," and that "[t]o the contrary, these documents were not timely filed." The district court never ruled that the administrative record was to become part of the official summary judgment record. Consequently, it has not been made part of the record on appeal to this court, and we will not consider it or any of its alleged contents. We also note that it was Appellant's burden to compile the record on appeal, *United States v. Coveney*, 995 F.2d 578, 587 (5th Cir. 1993), and to be able to cite to this court exactly where the administrative record is located in the record on appeal. *See* FED. R. APP. P. 28(e). Appellant fulfilled neither of these duties, and the resulting absence of the administrative record before this court is the consequence. In sum, because the administrative record has not been made part of the record on appeal to this court and was not considered by the district court, we will not consider it or any of its alleged contents.

may have considered,[7] only Puente's own undated, unnotarized statement[8] from the EEOC investigation attached to her untimely supplemental response to the summary judgment motion stated that she "lost both breaks and lunch."  Even if this statement were competent summary judgment evidence, this vague response falls far short of directly refuting the affidavits attached to the Secretary's motion for summary judgment.[9]  Thus, as the record stands, Puente neither lost break time nor was restricted in how she could use her break time; this record merely reflects accommodation tempered by no preferential

---

[7] Pursuant to Local Rules 7.3 and 7.4 of the United States District Court for the Southern District of Texas, Puente's first response should have been filed within twenty days of the Secretary's motion; however, Puente filed her response twenty-five days after the Secretary's motion was filed.  *See* FED. R. CIV. P. 6(a) (explaining how to compute "any time period specified in these rules, or in any local rule, court order, or statute").  Puente's supplemental response was also filed late.  According to the district court's docket sheet, Puente had at most four weeks from October 20, 2005 to file a supplement to her response; she did not file the supplement to her response until November 30, 2005.  Notwithstanding Puente's tardiness, the district court had discretion to consider Puente's responses in deciding whether to grant the Secretary's motion for summary judgment.  *See* S.D. Tex. Local Rule 7.8 ("The [c]ourt may in its discretion, on its motion or upon application . . . shorten or extend time periods, and request or permit additional authority or supporting material.").

[8] The information in this undated, unnotarized document was never discussed by Puente in the district court or on appeal.  Similarly, the district court did not mention the statement. Thus, Puente has failed to establish that the district court exercised its discretion to consider this late-filed statement.  Further, the document lacks notarization and a date.  *Cf.* 28 U.S.C. §1746 (allowing attestation without a notary, but requiring a date).  Thus, it is not competent summary judgment evidence.  Finally, even if it were competent summary judgment evidence timely before the court, Puente cannot complain of the district court's failure to consider it because she failed to discuss its contents in her response or briefing.  Puente "had the burden of presenting evidence sufficient to demonstrate the existence of a material fact issue . . . [and was] required to identify specific evidence in the record, and to articulate the 'precise manner' in which the evidence supported [her] claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).  "'Rule 56 does not impose upon a district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

[9] The sentence that might have given specifics – "I would like to have the annual leave that I was required to take restored, consisting of ___ hours" – remains blank, with no number filled in.

treatment, which is insufficient to raise a genuine issue of material fact as to Puente's retaliation claim.

Because Puente cannot make a prima facie case of retaliation, we need not continue past the first step of the *McDonnell Douglas* framework in our analysis of this case. The district court did not err by granting summary judgment.

### III.  Conclusion

We conclude that de novo review of Puente's claims is appropriate. We AFFIRM the judgment of the district court.