EDITH H. JONES, Circuit Judge,
concurring in the judgment:
I concur in the judgment in this case and would note two points. First, in footnote 6, the panel opinion refers to cases that are “distinguishable” because “most” involve “claims that the employer did not appropriately accommodate a female employee who wanted to use a breast pump at work.” The panel opinion does not cast doubt on the holdings of those cases rejecting such claims. In Urbano v. Continental Airlines, Inc., 138 F.3d 204 (5th Cir.1998), this court held that the PDA does not mandate special accommodations to women because of pregnancy or related conditions. It follows that if Venters intended to request special facilities or down time during work to pump or “express” breast milk, she would not have a claim under Title VII or the PDA as of the date of her lawsuit. Indeed, if providing a plaintiff with special accommodation to *431 pump breast milk at work were required, one wonders whether a plaintiff could be denied bringing her baby to the office to breastfeed during the workday.
Second, footnote 5 misstates this court’s unpublished ruling in Puente v. Ridge, 324 Fed.Appx. 423 (5th Cir.2009). When this court states that it “does not reach” an issue in order to resolve a case under a narrower test, or when it assumes arguendo that a claim is cognizable, only to reject that the facts pled support the claim, such rulings do not implicitly reach or rule on the pretermitted issue. Because the decision was expressly unqualified, and because it was unpublished and therefore non-precedential, Puente adds nothing to the instant case’s analysis.